**In the Matter of Thomas W. CALDWELL.**

**No. CX–84–1391.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

William Lubov, Minneapolis, for Caldwell.

Thomas L. Johnson, Hennepin County Atty., Douglas J. McClellan, Asst. County Atty., LaRae Bradley, Staff Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Hennepin County Municipal Court referred appellant to the mental health division of district court and petitioned for commitment pursuant to Minn.R.Crim.P. 20.01. On July 6, 1984, the trial court concluded appellant was mentally ill and needed treatment at Anoka State Hospital. Appellant appeals from the order for commitment. We affirm.

## FACTS

Appellant was charged with petty theft. After a Minn.R.Crim.P. 20.01 competency evaluation on June 14, 1984, the municipal court petitioned for commitment of appellant by the mental health division of the district court.

Douglas Rigert, an employee of the grocery store where appellant allegedly shoplifted four cartons of cigarettes, testified regarding appellant's reaction after confrontation of the theft. Appellant threatened Rigert, made racial slurs, and justified the theft of cigarettes as less serious than the theft of food.

Joan Nelson, licensed psychologist, reported she examined appellant to determine his competency to proceed with the criminal trial. She found appellant more overtly psychotic than when evaluated one year

earlier and reported he did not understand the pending charges. Appellant told Nelson the charges resulted because the highway department accused him of playing with animals in the zoo, that he had already served time for the petty theft, that he was released for insufficient evidence, and that he would plead guilty because nothing would happen to him. Nelson concluded appellant suffered from a psychiatric disorder and his judgment, behavior, and capacity to recognize reality were grossly impaired. She expressed strong doubts that appellant could provide for himself, concluded his assaultive behavior posed a danger to others, and recommended further evaluation.

Appellant's mother testified appellant does not live at home and that in March 1984 appellant shoved his sister, who was then seven months pregnant, off the front porch of his mother's home. His sister no longer allows appellant in her home because he becomes violent, but appellant threatens and screams at her through the windows of her home. Appellant's mother also testified appellant was unwilling to remain at treatment facilities.

Doctor David Heiberg, the court-appointed examiner, concluded Caldwell suffered from a major psychiatric disorder of perception and thought which impaired his ability to function in the community and to recognize reality. For instance, Caldwell reported hearing nonexistent birds singing. Heiberg cited Caldwell's inability to understand the pending criminal charges and court procedures, his lack of a stable living arrangement, his demonstrated inability to function in society, and his propensity for violence. Caldwell works occasionally, but only to obtain marijuana and alcohol, and he is unable to provide for his own care. Heiberg testified that appellant's repeated crimes were evidence of his grossly impaired judgment. The examiner rejected less restrictive alternatives because appellant's behavior was too erratic and he had demonstrated an unwillingness to cooperate with treatment. Heiberg recommended hospitalization at Anoka State Hospital.

The pre-petition screening team agreed appellant suffered from a major mental illness.

The trial court found that Caldwell was mentally ill and suffered from a substantial psychiatric disorder manifested by grossly disturbed behavior and faulty perception. The court also concluded appellant posed a substantial likelihood of harm to himself and others and rejected alternatives less restrictive than commitment to the state hospital.

## ISSUES

1. May appellant question the validity of Minn.Stat. § 253B.02, subd. 13 (Supp. 1983) for the first time on appeal without notice to the attorney general?

2. Is the trial court's order for commitment supported by the evidence?

## ANALYSIS

1. To support commitment, the trial court must find by clear and convincing evidence that the proposed patient is mentally ill as defined by statute. Minn.Stat. § 253B.02, subd. 13 (Supp.1983). The statute requires a finding the patient suffers from a substantial psychiatric disorder which grossly impairs his judgment, behavior, recognition of reality, or reasoning and understanding, that the illness is manifested by grossly disturbed behavior or faulty perceptions, and that the person poses a substantial likelihood of physical harm to himself or others as shown by a failure to provide necessary food, clothing, shelter, or medical care. *Id.* The trial court must also consider alternatives less restrictive than judicial commitment. Minn.Stat. § 253B.09, subd. 1 (1982).

2. On appeal, Caldwell argues the statutory definition contained in Minn.Stat. § 253B.02, subd. 13 cannot be applied because it is grammatically incorrect. Caldwell asserts that "parallel clauses" of the statute impermissibly modify the separate nouns "person" and "disorder," and therefore concludes that no person can be ad-

judged mentally ill or committed under the statute.

 Appellant ignores the principle of statutory construction that bad grammar does not vitiate a statute where legislative intent is clear. Minn.Stat. § 645.18 (1982). Appellant did not contest the validity of the statute at trial, and he failed to notify the attorney general "to afford him an opportunity to intervene" on appeal. *See* Minn. R.Civ.App.P. 144. For these reasons, we reject appellant's argument that the statutory definition of mental illness is incapable of application.

 3. On appeal from an order for commitment, review is limited to the trial court's compliance with the statutory requisites, including specific findings, separate conclusions, and an examination of less restrictive alternatives. *See* Minn.Stat. § 253B.09, subd. 2. The order for commitment must be based upon factual findings supported by evidence adduced at the hearing. Minn.R.Civ. Commitment 11.01. These findings will not be set aside unless clearly erroneous. *In re Fusa*, 355 N.W.2d 441 (Minn.Ct.App.1984).

Appellant claims there was no showing his mental illness is manifested by instances of grossly disturbed behavior, that he posed likely harm to himself or others, or that his behavior resulted from mental illness.

The statute requires that mental illness be manifested by either grossly disturbed behavior or faulty perceptions. In fact, the record shows appellant's illness was manifested in both ways. Caldwell believed he was arrested for playing with zoo animals, reported hearing birds singing, and thought that stealing cigarettes was less serious than stealing food. Psychologist Nelson testified the illness resulted in grossly impaired behavior. All examiners noted appellant's rambling speech and inability to follow a conversation.

 To satisfy the statutory requirement that appellant posed a substantial likelihood of harm to himself or others, the court may look at a recent attempt or threat of physical harm or a failure to provide necessities. Again, there was evidence of both criteria. There was undisputed testimony appellant pushed his pregnant sister down the porch stairs onto an icy walk, that he becomes violent, and that he threatened his sister and screamed in her windows. The grocery store employee was insulted and also threatened after appellant was detained. Nelson expressed strong doubts whether appellant could care for himself. Appellant's mother testified he did not live with her, and Doctor Heiberg noted appellant's habit of living on the street.

Both Heiberg and Nelson testified appellant's illness had influenced his functioning and affected his behavior.

## DECISION

There is no merit to appellant's claims the statutory definition of mentally ill person is incapable of application or that the order of the trial court is unsupported by the evidence.

Affirmed.